ADELMAN MATZ P.C.
1173A Second Avenue, Ste 153
New York, New York 10065
Tel: (646) 650-2207
*Attorneys for Plaintiff*

**JUDGE SWEET**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

**14 CV 0470**

MILKCRATE ATHLETICS, INC.,

Civil Action No._____

                                    Plaintiff,

                                                         **COMPLAINT**

             -against-

                                                         Jury Trial Demanded

NIKE, INC.

                                    Defendant.

-------------------------------------------------------------X

*RECEIVED
JAN 24 2014
U.S.D.C. S.D.N.Y.
CASHIERS*

         Plaintiff, MILKCRATE ATHLETICS, INC. (hereinafter "Plaintiff"), by its attorneys,

Adelman Matz, P.C., complaining of the above named Defendant NIKE, INC. (hereinafter

"Defendant") alleges as follows:

## NATURE OF THE CASE

         1.       This is an action at law and in equity for trademark infringement and false

designation of origin arising under the Trademark Act of 1946, 15 U.S.C. §§ 1051 *et seq.* (1994)

("Lanham Act") and for the related claims of infringement, dilution, deceptive business practices,

and unfair competition under the statutory and common law of New York.  Plaintiff seeks

injunctive relief to prevent Defendant from using Plaintiff's name and registered trademarks in

any way and to prevent Defendant from profiting from Plaintiff's goodwill and further seeks

compensatory, treble and punitive damages and attorneys' fees resulting from Defendants'

infringing acts.

         2.       Although Defendant has long been aware of Plaintiff's rights in and to the

Plaintiff's registered trademarks, in a transparent attempt to copy Plaintiff's trademarks and tread

on the goodwill associated with Plaintiff's trademarks, Defendant is offering for sale and selling clothing and apparel, which bear and are advertised and sold using confusingly similar imitations of Plaintiff's trademarks. Defendant's clothing and apparel is not manufactured by Plaintiff, nor is Defendant connected to or affiliated with or authorized to use Plaintiff's trademarks. Defendant's merchandise is likely to cause confusion and to deceive consumers and the public regarding its source, and dilutes the distinctive quality of Plaintiff's marks.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a), 1338(b), and pursuant to the principles of supplemental jurisdiction under 28 U.S.C. § 1367.

4.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and (c) in that a substantial part of the events giving rise to the claim occurred in this district and the Defendant resides in this district as its contacts are sufficient to subject to personal jurisdiction in this district.

5.      Additionally, Defendant is subject to personal jurisdiction of this Court as Defendant regularly transacts business within the State, the Defendant has manufactured or distributed products used or consumed within this District in the ordinary course of trade, the Defendant has caused substantial confusion and deception among consumers in New York and irreparable injury to Plaintiff's valuable reputation, goodwill, trademark, name and other intellectual property assets in New York.

## PARTIES

6.      At all relevant times herein, Plaintiff Milkcrate Athletics, Inc. has been and remains a domestic corporation organized and existing under the laws of the State of New York, with a principal place of business at 151 First Avenue, Suite 1, New York, New York 10003.

7.      Upon information and belief, at all relevant times herein, Defendant Nike, Inc. has been and remains an Oregon corporation organized and existing under the laws of the State of Oregon, with a principal place of business at One Bowerman Drive, Beaverton, OR 97005. Defendant Nike, Inc. is authorized to do business in the State of New York and has an address for service of process at 111 Eighth Avenue, New York, NY 10011.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

8.      Plaintiff is a long established, trend setting street wear and sportswear apparel company that has successfully positioned itself in the market of fashion forward lifestyle apparel and footwear.  Since 1996, Plaintiff designs, manufactures, markets and sells, its street wear, sportswear and other lifestyle apparel with distinctive designs under the trademark MILKCRATE ATHLETICS.  Since March 2006, Plaintiff has also utilized the trademark MILKCRATE for athletic footwear.

9.      Plaintiff is the owner of several federal trademark registrations, which it uses to advertise, promote and sell its goods in interstate commerce, including:

        a.  the federal trademark registration for the word mark MILKCRATE, Reg. No. 2,522,378, issued by the United States Patent and Trademark Office ("PTO") on December 25, 2001, in International Class 25 for "clothing, namely t-shirts, sweatshirts, hats, headwear, jackets, jeans, pants";

        b.  the federal trademark registration for the word mark MILKCRATE ATHLETICS, Reg. No. 2,522,377 issued by the PTO on December 25, 2001,

for "clothing, namely t-shirts, sweatshirts, hats, headwear, jackets, jeans, pants";

c.   the federal trademark registration for the design:



Reg. No. 2, 573,353 in class 25 for "clothing, namely t-shirts, sweatshirts, hats, headwear, jackets, jeans";

d.   the federal trademark registration for the design:



Reg. No. 2,717,445, in class 25 for "clothing namely t-shirt, sweatshirts, hats, jeans, and shirts";

e.   the federal trademark registration for the mark MILKCRATE Reg. No. 3,608,409, issued by the PTO on April 21, 2009, for "basketball sneakers"; and

f.   the federal registration for the mark and design "Milkcrate Athletics NYC/SURFACE DIVISION"



in Class 25 for "clothing, namely, T-shirts, sweatshirts, hats, jeans, and

shirts."  The design part of the mark prominently features the depiction of a

milkcrate;

(collectively the "Milkcrate Trademarks").

10.     Plaintiff has been continuously and exclusively using its Milkcrate Trademarks in

commerce for at least seven years (7), some for seventeen (17) years, by virtue of the sale of its

goods bearing and advertised under its Milkcrate Trademarks, specifically clothing such as t-

shirts, hats, sweatshirts and shirts.  *See* Exhibit A, a true and correct copy of examples of

Plaintiff's apparel bearing Plaintiff's Milkcrate Trademarks.  As such, Plaintiff's products have

become increasingly well-known in the fashion industry and to consumers.

11.     Additionally, since the inception of the Milkcrate brand of products, Plaintiff has

invested substantial time, money, resources and hard work to ensure that Plaintiff offers high

quality goods to customers and as such Plaintiff has established substantial goodwill in New

York and around the Country in its name and the Milkcrate Trademarks.

12.     Through its hard work and significant investment into the quality of its goods,

Plaintiff's brand has continued to grow in prosperity, respect and recognition.  Plaintiff's

Milkcrate products have garnered the attention of media outlets and retail stores around the

country, and its goodwill and reputation have led to branding partnerships with high end

specialty brands such as Vans (shoes) and Beats by Dre (headphones and audio equipment).

13.     Through Plaintiff's continuous and exclusive use of the Milkcrate Trademarks, the Plaintiff has established ownership rights of the Milkcrate Trademarks and the exclusive right to use the Milkcrate Trademarks in interstate commerce in connection with the sale of clothing.

14.     Upon information and belief, Defendant is one of the worlds leading suppliers of athletic footwear, apparel and sports equipment.

15.     Defendant recently designed, manufactured and began selling a series of shirts, in interstate commerce, which feature, bear, are advertised and sold, using names and symbols that are highly similar, in fact, almost identical with Plaintiff's Milkcrate Trademarks (the "Infringing Apparel").  By way of example, the "Milk Crate Tee" prominently features a milk crate and is advertised and sold under the name "Milk Crate". *See* Exhibit B attached hereto.  Additionally, as an example the "Nike Milk Crate White Tee" also prominently features a Milkcrate that is virtually identical to Plaintiff's Milkcrate Trademarks, and is advertised and sold utilizing the name "MILK CRATE".  In fact the sales tag for the clothing also prominently displays the name "MILK CRATE".  *See* Exhibit B.

16.     Upon information and belief the Infringing Apparel were released in late fall of 2013 and remain on sale through the present day.

17.     The Infringing Apparel were designed, manufactured, distributed, offered for sale and sold by Defendant and are not manufactured by Plaintiff.

18.     Furthermore, Defendant's Infringing Apparel are not associated or connected with Plaintiff, or licensed, authorized, sponsored, endorsed or approved by Plaintiff in any way.

19.    The Infringing Apparel sold by Defendant are similar to and compete with clothing sold by Plaintiff, are sold through overlapping channels of trade and target similar consumers.

20.    Upon information and belief, Defendant's is using designations, symbols and names on its Infringing Apparel that are confusingly similar to Plaintiff's Milkcrate Trademarks.

21.    Defendant's use of these confusingly similar designations, symbols and names is likely to deceive, confuse and mislead purchasers and prospective purchasers into believing that the Infringing Apparel sold by Defendant are co-branded by, authorized by, or in some manner associated with Plaintiff, when they are not.  The likelihood of confusion, mistake and deception engendered by Defendant's misappropriation of Plaintiff's Milkcrate Trademarks is causing irreparable harm to the goodwill symbolized by the Milkcrate Trademarks and the reputation for quality that they embody.

22.    Defendant's activities are likely to cause confusion before, during, and after the time of purchase, because purchasers, prospective purchasers and others, viewing Defendant's Infringing Apparel at the point of sale or on a wearer, are likely to mistakenly attribute the product to Plaintiff, because of Defendant's use of confusingly similar imitations of the Plaintiff's Milkcrate Trademarks.  A simple google search buttresses the likelihood that Defendant's acts may cause confusion before during and after time of purchase and are likely to divert customers to Defendant.  As evidenced by the searches annexed hereto as Exhibit C, a simple search of "milkcrate t-shirt" yields results leading to the sale of Defendant's Infringing Apparel on each of the first five pages of the Google search results.

23.    Defendant's acts are further likely to damage the goodwill associated with Plaintiff's Milkcrate Trademarks, in consumers who may perceive a defect or lack of quality in

Defendant's products and associate them with Plaintiff. By causing such a likelihood of confusion, mistake and deception, Defendant is inflicting irreparable harm to the goodwill symbolized by the Milkcrate Trademarks and the reputation for quality that they embody.

24.     Defendant began selling the Infringing Apparel well after Plaintiff established protectable rights in the Milkcrate Trademarks.

25.     Additionally, Defendant began selling the Infringing Apparel after Defendant was aware of Plaintiff's rights in and exclusive right to use the Milkcrate Trademarks.

26.     Upon information and belief, Defendant knowingly, willfully, and intentionally, adopted and used confusingly similar trademarks of Plaintiff's Milkcrate Trademarks.

27.     The Defendant's actions have been, and unless enjoined will continue to be, in violation of federal and state law governing trademark infringement and unfair competition and are causing irreparable harm to Plaintiff, including blurring and tarnishing of its trademarks, loss of control over its reputation and loss of goodwill.

## COUNT I

### TRADEMARK INFRINGEMENT IN VIOLATION OF 15 U.S.C. §1114

28.     Plaintiff repeats and incorporates by reference the allegations in paragraphs 1 through 27, as if fully set forth herein.

29.     Plaintiff has continuously used its registered Milkcrate Trademarks in connection with and to identify its apparel and to distinguish said products from similar products offered by other companies, by prominently displaying said marks on its goods since 2006 (some since 1996).

30.     Defendant has infringed Plaintiff's mark in interstate commerce by various acts, such as the selling, offering for sale, promoting and advertising of products, namely the

Infringing Apparel using the terms "Milk Crate" and milkcrate designs. The aforementioned names and designs as used by Defendant that are extremely similar, if not virtually identical, to Plaintiff's registered Milkcrate Trademarks.

31.     Additionally Defendant is selling the same goods offered for sale and sold by Plaintiff.

32.     Defendant's use of "Milk Crate" and the milkcrate designs in connection with apparel and clothing is without permission or authority of the Plaintiff and said use is likely to cause confusion, to cause mistake and/or to deceive the consuming public.

33.     Upon information and belief, Defendant's use of "Milk Crate" and the milkcrate design in connection with apparel has been made notwithstanding Plaintiff's well-known and prior established rights in the registered Milkcrate Trademarks and with both actual and constructive notice of Plaintiff's federal registration rights under 15 U.S.C. § 1072.

34.     Upon information and belief, the aforesaid use constitutes willful and unlawful trademark infringement of the registered Milkcrate Trademarks in violation of federal law, including 15 U.S.C. §1114.

35.     Upon information and belief, Defendant's infringing activities have caused and, unless enjoined by this Court, will continue to cause, irreparable injury and other damage to Plaintiff's business, reputation and good will in its federally registered Milkcrate Trademarks. Plaintiff has no adequate remedy at law.

36.     Defendant has caused and is likely to continue causing substantial injury to the public and to Plaintiff, and Plaintiff is entitled to injunctive relief and to recover Defendant's profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1114, 1116 and 1117.

## COUNT II

### FALSE DESIGNATION OF ORIGIN IN VIOLATION OF 15 U.S.C. §1125(a)

37.     Plaintiff repeats and incorporates by reference the allegations in paragraphs 1 through 36.

38.     Plaintiff has exclusively used the Milkcrate Trademarks for over seven (7) years (some for over seventeen (17) years), and has established ownership in the Milkcrate Trademarks and the exclusive right to use the Milkcrate Trademarks in interstate commerce in connection with clothing as well as related goods and services.

39.     Defendant's use of the name "Milk Crate" and milkcrate designs in connection with clothing and apparel constitutes a false designation of origin and a false or misleading description and representation of fact in interstate commerce which is likely to cause confusion and mistake, and is likely to deceive as to the affiliation, connection and/or association of Defendant with Plaintiff and is likely to mislead consumers to believe that the Defendant's products, specifically the Infringing Apparel, are sponsored, approved or somehow associated with Plaintiff.

40.     By reason of the foregoing, the trade and public are likely to be and will continue to be confused, misled, or deceived, and Plaintiff has, is now, and will continue to suffer irreparable injury to its goodwill and reputation for which it has no adequate remedy at law.

41.     Upon information and belief, Defendant has intentionally and knowingly adopted and used a name, mark, or false designation of origin likely to cause confusion in the marketplace as to the source, origin, or sponsorship of the goods offered for sale and sold by the Defendant.

42.     By virtue of the foregoing, Defendant's acts are in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

43.     Defendant's acts are causing and continue to cause Plaintiff irreparable harm in the nature of loss of control over its reputation and loss of substantial consumer goodwill.   The irreparable harm to the Plaintiff will continue, without any adequate remedy at law, unless and until Defendant's unlawful conduct is enjoined by this Court.

44.     Upon information and belief, Defendant is using the marks "Milk Crate" and the milkcrate design in connection with the sale and advertising of the Infringing Apparel willfully and with knowledge that said names, and symbols are false, misleading, and deceptive, and with the intent to unfairly compete with Plaintiff.

45.     Defendant's conduct has caused, and is likely to continue causing, substantial injury to the public and to Plaintiff, and Plaintiff is entitled to injunctive relief and to recover Defendant's profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1125(a), 1116 and 1117.

## COUNT III

### NEW YORK COMMON LAW TRADEMARK INFRINGEMENT

46.     Plaintiff repeats and realleges each of the allegations set forth in paragraphs 1 through 45 above as though fully set forth herein.

47.     Plaintiff has been using the Milkcrate Trademarks since 1996, and some since 2006, both in New York State and internationally to identify and signify it as the source of its goods and services.